# MANDATE

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 26 day of January, two thousand four.

Present:    HON. ROBERT A. KATZMANN,
            HON. BARRINGTON D. PARKER,
                        *Circuit Judges*, and

            HON. LORETTA A. PRESKA,*
                        *District Judge*.



---

*In Re:* BRIDGEPORT JAI ALAI, INC., doing business as Shoreline Star Greyhound Park & Entertainment Complex,

---

PAUL WEINTRAUB,

         *Plaintiff-Appellant*,

      - v -          No. 03-5048

BRIDGEPORT JAI ALAI, INC. and A. ROBERT ZEFF,

         *Defendants-Appellees*,

US TRUSTEE8,

         *Trustee*.

---

Appearing For Plaintiff-Appellant:   STEPHEN R. BELLIS, The Pellegrino Law

---

* The Honorable Lorretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE: APR 1 3 2004

Firm, P.C., New Haven, Conn.

Appearing For Defendants-Appellees:  JAMES G. VERRILLO (Gregory B. Schiller, *on the brief*), Zeisler & Zeisler, P.C., Bridgeport, Conn., *for* Bridgeport Jai Alai, Inc.

Charles M. Needle, Sarah W. Poston, Zeldes, Needle & Cooper, P.C., Bridgeport, Conn., *for* A. Robert Zeff

Appeal from the United States District Court for the District of Connecticut (Peter C. Dorsey, *District Judge*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED** in part.

Plaintiff-Appellant Paul Weintraub appeals from a judgment of the United States District Court for the District of Connecticut (Peter C. Dorsey, *District Judge*), affirming in part and reversing in part the rulings of the United States Bankruptcy Court for the District of Connecticut (Alan H.W. Shiff, *Bankruptcy Judge*) with respect to Weintraub's claim for $937,898.00 as an expense of administration from Defendants-Appellees Bridgeport Jai Alai, Inc. (the "Company") and A. Robert Zeff. Our review of the district court's decision is plenary. This means that, like the district court, we review the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *See In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988-89 (2d Cir. 1990); *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990).

We begin with Weintraub's contention that he is entitled to a base salary increase from $150,000 to $200,000, pro-rated for the period from November 1, 1995 to August 18, 1997 (*i.e.*, to $89,583), pursuant to Paragraph 3 of his contract of employment (the "Contract"). Paragraph 3 of the Contract provides:

> The Company shall pay, and Executive shall receive, salary for all services rendered hereunder as follows: $150,000 for each year of the term hereof. However, in the event (hereinafter referred to as a "Funding") that the Company, any affiliated entity, or entity in which A. Robert Zeff is a principal investor, (a) obtains funds (exclusive of funds contributed directly or indirectly from A. Robert Zeff) sufficient to convert the Company to a dog track, or (b) obtains funds sufficient to engage in or engages in any gaming business in addition to or in lieu of its current jai alai and simulcasting Business (provided, however, that if the Company engages in slot machines or table games in direct competition in the Greater Bridgeport area with a casino not owned by the Company, any affiliated entity, or any entity in which A. Robert Zeff is a principal investor, then the conditions of this clause (b) have not occurred), the Executive's salary shall be increased to $200,000, pro rated for the remainder of that year, and for each subsequent year of the term hereof.

The parties do not dispute that the only forms of gambling offered by the Company were first jai alia and then dog racing, and that the requirements of clause (a) were not satisfied because Zeff, the president of the Company, provided the funds necessary to convert the Company to a dog track. The salary increase is therefore available to Weintraub only if dog racing constitutes a "gaming business," within the meaning of clause (b). Interpreting the phrase "gaming business" to include "dog racing," would, however, render clause (a) superfluous and nullify the source-of-funds limitation that it imposes: If the Company obtained funds to convert the Company to a dog track (that is, to construct and operate the track) from a source other than Zeff, then a "Funding" would be deemed to occur under both clauses (a) and (b), and if Zeff contributed the necessary funds, then a "Funding" would be deemed to occur under clause (b), notwithstanding the limitation set forth in clause (a). Connecticut law, which governs construction of the Contract, counsels against imposing such an interpretation, *see United Illuminating Co. v. Wisvest-Connecticut, LLC*, 791 A.2d 546, 552 (Conn. 2002) ("The law of contract interpretation militates against interpreting a contract in a way that renders a provision superfluous."); *Dugan v. Grzybowski*, 332 A.2d 97, 100 (Conn. 1973) ( "[R]ules of construction . . . dictate giving effect

to all the provisions of a contract, construing it as a whole and reconciling its clauses."), and we see no reason for doing so. Accordingly, we find, as did the district court, that the Contract is unambiguous and that the compensation increase is not available to Weintraub.

As to Weintraub's contention that he is owed $700,000 in retirement benefits and $17,500 in continued medical benefits pursuant to Paragraph 14 of the Contract, we agree with the district court's conclusion, though we do not adopt its reasoning, that the Company is not obligated to pay these amounts. Paragraph 14 of the Contract provides in pertinent part:

> At the expiration or termination of this Agreement or any renewal of this Agreement pursuant to Paragraph 1 hereof, provided, however, that the Company obtains *Funding*, in consideration for the number of years of loyal and faithful employment with the Company, the Company shall make the following payments, and provide the following benefits, to Executive . . . .

(emphasis added). A Funding (with a capital "F") is, in turn, defined in Paragraph 3 to occur when the requirements of either clause (a) or clause (b) of that Paragraph are satisfied. Because, as addressed *supra*, the conditions of neither of these clauses have been met, the Company has not "obtain[ed] Funding," as required under Paragraph 14 to trigger Weintraub's entitlement to the benefits set forth therein, *i.e.* to retirement and continued medical benefits. We therefore deny this aspect of Weintraub's claim.

Because we find that Weintraub has no contractual right to increased compensation under Paragraph 3 or to retirement and continued medical benefits under Paragraph 14, Weintraub's arguments that these obligations vested post-petition and should be accorded first priority in bankruptcy as expenses of administration are moot. We therefore do not address these issues. Also, because no money judgment has been awarded, we need not reach the question of whether Weintraub would be entitled to prejudgment interest on any such award.

ITEMIZED AND VERIFIED BILL OF COSTS

United States Court of Appeals
For the Second Circuit

In Re:

BRIDGEPORT JAI ALAI, INC., doing business as
Shoreline Star Greyhound Park & Entertainment
Complex

Docket No. 03-5048

PAUL WEINBRAUB,
        Plaintiff-Appellant,

-against-

BRIDGEPORT JAI ALAI, INC.
        Defendant-Appellee
and

U. S. TRUSTEE
        Trustee

STATEMENT OF COSTS

Taxed in the amount of $ 503.50 in favor of Appellee Bridgeport Jai Alai, Inc.

APR - 1 2004
Date

FOR THE COURT:
ROSEANN B. MacKECHNIE, Clerk

Arthur M. Heller, Motions Staff Attorney

FILED APR 1 2004 UNITED STATES COURT OF APPEALS SECOND CIRCUIT

Counsel for Bridgeport Jai Alai, Inc. doing Business as Shoreline Star Greyhound Park & Entertainment Complex respectfully submits, pursuant to Rule 39(c) of the Federal Rules of Appellate Procedure the within bill of costs and requests the Clerk to prepare an itemized statement of costs taxed against the Plaintiff-Appellant and in favor of Defendant-Appellee for insertion in the mandate.

| | |
|---|---|
| Docketing Action | 03-5048 |
| Costs of printing brief (17 copies, 53 pages) | $612.68 |

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK

James G. Verrillo
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT 06605

**CERTIFIED:**

STATE OF CONNNECTICUT  )
                       )  ss:  Bridgeport
COUNTY OF FAIRFIELD    )

The foregoing instrument was acknowledged before me this _11_ day of February, 2004 by James G. Verrillo who represented that he subscribed his name to the foregoing as his free act and deed.

_____
Commissioner of the Superior Court
Notary Public
My commission expires:
LIAN R. HOLL
NOTARY PUBLIC
MY COMMISSION EXPIRES FEB. 28 2009

## CERTIFICATE OF SERVICE

I, James G. Verrillo, hereby certify that on the 11th day of February, 2004 I served a copy of the annexed Itemized and Verified bill of Costs to those parties who are listed below by first class, prepaid U. S. Mail.

_____
James G. Verrillo (ct08819)
Zeisler & Zeisler, P. C.
558 Clinton Avenue
P. O. Box 3186
Bridgeport, CT 06605
(203) 368-4234

Charles Needle, Esq.
Zeldes, Needle and Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601

Stephen Bellis, Esq.
The Pellegrino Law Firm
475 Whitney Ave.
P.O. Box 1835
New Haven, CT 06508

**COUNSEL PRESS LLC**
PO Box 1053
New York, NY 10018-9998
(212) 685-9800

## INVOICE

Zeisler & Zeisler, P.C.

558 Clinton Avenue
Bridgeport, CT 06605

ATTENTION: James G. Verrillo, Esq.

CASE NAME: In re: Bridgeport Jai Alai
COURT: USCOA - 2ND

INVOICE NUMBER: 3108678
INVOICE DATE: 10/31/2003
FED.TAX I.D.# 13-3923082
CP FILE NO.: 184029
TERMS: Due Upon Receipt

**AMOUNT**

For Reproduction of :

Appellee's Brief - (17 copies, 53 pages)

| | |
|---|---|
| Preparation of Brief | $ 475.00 |
| 1 Filing & 2 Services | $ ~~100.00~~ |
| Federal Express - Service(s) | $ ~~34.00~~ |
| Federal Express - To Client | $ ~~19.00~~ |

PAID DATE 11/26/03

This Invoice is Due Upon Receipt. Please Show
Invoice Number on Check When Making Payment

DR

SUB-TOTAL: $ 628.00
0.00
0.00
APPLICABLE SALES TAX: $ 37.68
**INVOICE TOTAL:** $ 665.68

NEW YORK, NY - WASHINGTON, DC - RICHMOND, VA - PHILADELPHIA, PA - BOSTON, MA - BUFFALO, NY - WOODBRIDGE, NJ