ZEISLER & ZEISLER, P.C. • ATTORNEYS AT LAW • JURIS NO. 69625
558 CLINTON AVENUE • P.O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: | : |
| | : |
| BRIDGEPORT JAI ALAI, INC., D/B/A | :    Chapter 11 |
| SHORELINE STAR GREYHOUND PARK | : |
| & ENTERTAINMENT COMPLEX | :    Case No. 96-51183 |
| | : |
| Debtor. | : |
| PAUL WEINTRAUB | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    No. 03-5048 |
| | : |
| BRIDGEPORT JAI ALAI, INC., and | :    Civil Docket 3:03CV176 |
| (PCD) | |
| A. ROBERT ZEFF, | : |
| | : |
| Defendants. | : |

## MOTION FOR JUDGMENT

Bridgeport Jai Alai, Inc. and A. Robert Zeff move for an Order of Judgment based on the following:

1. This Court entered judgment herein in Defendant's favor on June 18, 2003.

2. Plaintiff appealed the entry of that Order to the United States Court of Appeals for the Second Circuit.

3. In an opinion filed January 26, 2004, a copy of which is enclosed, the Circuit Court affirmed this Court's judgment.

4. The Second Circuit's mandate issued on April 13, 2004.

5. Based on the decision for the Court of Appeals, the Defendant is entitled to judgment in accordance with the Court of Appeals Decisiion.

6. This Motion is based on the files and records herein.

Respectfully submitted this 3l day of March, 2005.

                                                           BRIDGEPORT JAI ALAI, INC.
                                                         d/b/a SHORELINE STAR
                                                         GREYHOUND
                                                         PARK & ENTERTAINMENT
                                                         COMPLEX

                                                         By: _____
                                                             James G. Verrillo (ct00976)
                                                            ZEISLER & ZEISLER, P.C.
                                                            558 Clinton Avenue
                                                           P. O. Box 3186
                                                           Bridgeport, CT 06605-0186
                                                           (203) 368-4234

                                          and-    A. Robert Zeff

                                          By:_____
                                                           Charles Needle, Esq.
                                                           Zeldes, Needle and Cooper
                                                           1000 Lafayette Blvd.
                                                           P.O. Box 1740
                                                           Bridgeport, CT 06601

ZEISLER & ZEISLER, P.C. • ATTORNEYS AT LAW • (203) 368-4234 • JURIS NO. 69625
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186

4. The Second Circuit's mandate issued on April 13, 2004.

5. Based on the decision for the Court of Appeals, the Defendant is entitled to judgment in accordance with the Court of Appeals Decisiion.

6. This Motion is based on the files and records herein.

Respectfully submitted this 3l day of March, 2005.

BRIDGEPORT JAI ALAI, INC.
d/b/a SHORELINE STAR
GREYHOUND
PARK & ENTERTAINMENT
COMPLEX

By: _____
James G. Verrillo (ct00976)
ZEISLER & ZEISLER, P.C.
558 Clinton Avenue
P. O. Box 3186
Bridgeport, CT 06605-0186
(203) 368-4234

and- A. Robert Zeff

By: _____
Charles Needle, Esq.
Zeldes, Needle and Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601

Plaintiff - Appellant,

BRIDGEPORT JAI ALAI, INC.

Defendant - Appellee,

Docket as of October 20, 2004    12:08 am

☐

Page:
INDIV
CLOSED

US TRUSTEE8,

Trustee.

------------------

Docket as of October 20, 2004    12:08 am

☐

Page:
INDIV
CLOSED

Docket as of October 20, 2004    12:08 am

☐

Page:
INDIV
CLOSED

| | |
|---|---|
| US Trustee<br>Trustee | #03-5048# Esq.<br>[ ret ]<br>U.S. Trustee Office<br>265 Church St.<br>New Haven  , CT , 06510<br>203-773-2210 |
| Clerk,Bank Ct,NHCT<br>None | Clerk,Bank Ct,NHCT<br>n/a<br><br>450 Main St.<br>Hartford  , CT , 06103<br>203-240-3675 |
| Bridgeport Jai Alai<br>Plaintiff-Appellee | James G. Verrillo Esq.<br>[ ret ]<br>Zeisler & Zeisler<br>558 Clinton Ave.  P.O. Box 3186<br>Bridgeport  , CT , 06605<br>203-368-4234 |
| Robert  Zeff<br>Plaintiff-Appellee | Sarah W. Poston Esq.<br>[ ret ]<br>Zeldes Needle & Cooper<br>1000 Lafayette Blvd.  P.O. Box 17<br>Bridgeport  , CT , 06601<br>203-333-9441 |
| Paul  Weintraub<br>Plaintiff-Appellant | Stephen R. Bellis Esq.<br>[ LD ret ]<br>Pellegrino Law Firm<br>475 Whitney Ave.<br>New Haven  , CT , 06511<br>203-787-2225 |

Docket as of October 20, 2004    12:08 am

```
                                                   Page:
                                                   INDIV
                                                   CLOSED

Docket as of October 20, 2004      12:08 am
                                                   Page:
                                                   INDIV
                                                   CLOSED


     7/16/03 Appellant Paul Weintraub Form C filed, with
             proof of service. [03-5048] Form C deadline
             satisfied.

     7/16/03 Appellant Paul Weintraub Form D filed, with
             proof of service. [03-5048] Form D deadline
             satisfied. Form D deadline satisfied.

     7/16/03 Notice of appearance form on behalf of
             Stephen R. Bellis, Esq., filed. (Orig in acco
             , copy to Calendar)

     7/16/03 Copy of district court judgment dated 6/18/03
             , endorsed by Kevin F. Rowe, Clerk, RECEIVED.
             [03-5048]

     7/16/03 Copy of district court Ruling on appellants
             and cross-appellant's bankruptcy appeals,
             dated 6/18/03, endorsed by Hon. Peter C.
             Dorsey, USDJ, RECEIVED. [03-5048]

     7/16/03 Statement of the issues to be presented on
             appeal FILED.

     7/22/03 Record on appeal index in lieu of record
             filed.

     7/29/03 Amended statement of the issues to be
             presented on appeal FILED.

     8/19/03 Telephonic Pre-Argument Conference Notice and
             Order from Stanley Bass, has been scheduled
             for Tuesday 2, 2003 at 4:00 pm, filed.

     8/19/03 Scheduling order #1 filed. Record on appeal
Docket as of October 20, 2004      12:08 am
                                                   Page:
                                                   INDIV
                                                   CLOSED


             due on 9/16/03. Appellant's brief and
             appendix due on 9/23/03. Appellee's brief due
             on 10/23/03. Argument as early as week of
             12/1/03. (Pre-Argument Conference scheduled
             for Tues. 9/2/03 at 4:00 pm ).

     8/19/03 Notice of appeal acknowledgment letter from
             Stephen R. Bellis for Appellant Paul
             Weintraub, Appellee Bridgeport Jai Alai
             received.

     8/19/03 The involvement of attorney Stephen R. Bellis
             for Bridgeport Jai Alai is terminated. James
             G. Verrillo for Appellee Bridgeport Jai Alai
             is the new attorney.
```

```
 8/21/03 Notice sent to counsel regarding pre-argument
         notice and scheduling order filed 8/19/03.

 8/25/03 The involvement of attorney Charles M. Needle
         for Robert Zeff is terminated. Sarah W.
         Poston for Appellee Robert Zeff is the new
         attorney.

 8/25/03 Notice of appeal acknowledgment letter from
         Sarah W. Poston for Appellee Robert Zeff
         received.

  9/2/03 First pre-argument conference held by Staff
         Counsel SB.

  9/8/03 Notice of appearance form on behalf of
         Charles M. Needle, Esq., filed. (Orig in acco
         , copy to Calendar)

 9/10/03 Letter filed dated 9/10/03, submitted by
         Attorney Stephen R. Bellis informing the
         Court that all parties to above matter
         consent to a two-week continuance on the
         briefing schedule in order to explore
         settlement possibilities. The appellant and
```

Docket as of October 20, 2004       12:08 am

Page:
INDIV
CLOSED

```
         joint appendix would be filed on or before
         10/7/03. The brief of the appellee would be
         filed on or before 11/7/03.

 9/10/03 It is hereby ordered that the time for filing
         briefs herein is modified as statedi. New
         scheduling order filed. New appellant's brief
         due date is 10/7/03. New appellee's brief due
         date is 11/7/03. Oral argument not earlier
         than the week of 1/5/04. Order endorsed on
         letter filed 9/10/03. Endorsed For the Court:
         By SaB, Staff Counsel.

 9/23/03 Notice of appearance form on behalf of James
         G. Verrillo, Esq., filed. (Orig in acco, copy
         to Calendar)

 10/6/03 Appellant Paul Weintraub brief FILED with
         proof of service.

 10/6/03 Appellant Paul Weintraub joint appendix filed
         w/pfs. Number of volumes: 1.

 11/7/03 Appellee Bridgeport Jai Alai, Appellee Robert
         Zeff brief filed with proof of service.

11/13/03 Proposed for argument the week of 1/20/04.

11/20/03 Letter received by fax dated 11/20/03,
         submitted by Stephen R. Bellis, Esq.,
         informing the Court that appellant attorney
         Paul Weintraub requests that argument not be
         calandared for 1/7 thru 1/9/04, 1/27 thru
```

```
              1/30/04, 3/3 thru 3/5/04, 3/12 tru 3/29/04.

    11/21/03 Appellant Paul Weintraub reply brief filed
             with proof of service.

    11/24/03 Set for argument on 1/20/04 . [03-5048]

Docket as of October 20, 2004       12:08 am
```
☐
Page:<br>INDIV<br>CLOSED

```
     1/20/04 Case heard before KATZMANN, B.D. PARKER, C.JJ
             ; PRESKA, D.J
CD date: 1/20/04

     1/20/04 motion for the admission pro hac vice of
             visiting attorney James G. Verrillo filed
             with proof of service.

     1/21/04 Order FILED GRANTING motion admission pro hac
             vice for visiting counsel James G. Verrillo
             endorsed on motion dated 1/20/2004.  Endorsed
             For The Court:  By AMH, Motions Staff
             Attorney.

     1/26/04 Notice sent o counsel regarding motion order
             granting motion for Pro hac vice dated
             1/21/04.

     1/26/04 Judgment filed; judgment of the district
             court is  AFFIRMED IN PART by detailed order
             of the court without opinion filed. (RAK,CJ)

      2/9/04 Appellant  Paul Weintraub Petition for
             rehearing filed with proof of service.

      2/9/04 APPELLANT  Paul Weintraub, APPENDIX  to
             petition for rehearing  received. awaiting
             pending motion AA.

     2/12/04 APPELLEE   Bridgeport Jai Alai,  itemized
             and verified bill of costs received, w/pfs.

     2/17/04 Appellant  Paul Weintraub motion for
             acceptance od appendix for petition for
             rehearing

     2/25/04 Letter received  James Verrillo regarding the
             petitionfor rehearing filed by the appellee.

Docket as of October 20, 2004       12:08 am
```
☐
Page:<br>INDIV<br>CLOSED

```
     2/27/04 Appellant Pual Weintraub Appendix  in support
             of the   Petition for rehearing filed with
             proof of service.

     2/27/04 Order FILED GRANTING motion to allow  for
             acceptance of appendix for petition for
             rehearing by Appellant  Paul Weintraub,
             endorsed on motion dated 2/17/2004 (Before:
```

```
          RAK, BDP,CJJ, Preska, DJ)

2/27/04   Notice of motion order issued to counsel

3/31/04   Order FILED DENYING motion Petition for
          rehearing by Appellant  Paul Weintraub,
          endorsed on motion dated 2/17/2004. "A
          petition for panel rehearing having been
          filed herein by Appellant Paul Weintraub.
          Upond consideration thereof, it is Ordered
          that said petition be and it hereby is DENIED
          ."  [For the Court: AMH, Motions Staff
          Attorney]  [Before: RAK, BDP, C.JJ., LAP, D.J
          .]

3/31/04   Notice to counsel in re: order denying
          petition for rehearing.

 4/1/04   APPELLEE    Bridgeport Jai Alai,  statement
          of costs taxed in the amount of $503.50.

 4/1/04   Notice to counsel in re: statement of costs.

4/13/04   Judgment MANDATE ISSUED. CLOSED

4/13/04   Notice to counsel in re: issuance of mandate.

4/16/04   Acco received in records room from team.

4/26/04   Mandate receipt returned from the district
Docket as of October 20, 2004      12:08 am
                                                                    Page:
                                                                    INDIV
                                                                    CLOSED

          court.

Docket as of October 20, 2004      12:08 am
                                                                    Page:
```

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/31/2005 09:43:40 | | |
| PACER Login: | zz0001 | Client Code: |
| Description: | dkt report | Case Number: 03-5048 |
| Billable Pages: | 11 | Cost: 0.88 |

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 26th day of January, two thousand four.

Present:    HON. ROBERT A. KATZMANN,
            HON. BARRINGTON D. PARKER,
                    *Circuit Judges*, and

            HON. LORETTA A. PRESKA,*
                    *District Judge*.

---

*In Re:* BRIDGEPORT JAI ALAI, INC., doing business as Shoreline Star Greyhound Park & Entertainment Complex,

---

PAUL WEINTRAUB,

                    *Plaintiff-Appellant*,
                                                No. 03-5048
            - v -

BRIDGEPORT JAI ALAI, INC. and A. ROBERT ZEFF,

                    *Defendants-Appellees*,

US TRUSTEE8,

                    *Trustee*.

---

Appearing For Plaintiff-Appellant:            STEPHEN R. BELLIS, The Pellegrino Law

---

* The Honorable Lorretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

|  |  |
|---|---|
|  | Firm, P.C., New Haven, Conn. |
| Appearing For Defendants-Appellees: | JAMES G. VERRILLO (Gregory B. Schiller, *on the brief*), Zeisler & Zeisler, P.C., Bridgeport, Conn., *for* Bridgeport Jai Alai, Inc. |
|  | Charles M. Needle, Sarah W. Poston, Zeldes, Needle & Cooper, P.C., Bridgeport, Conn., *for* A. Robert Zeff |

Appeal from the United States District Court for the District of Connecticut (Peter C. Dorsey, *District Judge*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED** in part.

Plaintiff-Appellant Paul Weintraub appeals from a judgment of the United States District Court for the District of Connecticut (Peter C. Dorsey, *District Judge*), affirming in part and reversing in part the rulings of the United States Bankruptcy Court for the District of Connecticut (Alan H.W. Shiff, *Bankruptcy Judge*) with respect to Weintraub's claim for $937,898.00 as an expense of administration from Defendants-Appellees Bridgeport Jai Alai, Inc. (the "Company") and A. Robert Zeff. Our review of the district court's decision is plenary. This means that, like the district court, we review the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *See In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988-89 (2d Cir. 1990); *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990).

We begin with Weintraub's contention that he is entitled to a base salary increase from $150,000 to $200,000, pro-rated for the period from November 1, 1995 to August 18, 1997 (*i.e.*, to $89,583), pursuant to Paragraph 3 of his contract of employment (the "Contract"). Paragraph 3 of the Contract provides:

> The Company shall pay, and Executive shall receive, salary for all services rendered hereunder as follows: $150,000 for each year of the term hereof. However, in the event (hereinafter referred to as a "Funding") that the Company, any affiliated entity, or entity in which A. Robert Zeff is a principal investor, (a) obtains funds (exclusive of funds contributed directly or indirectly from A. Robert Zeff) sufficient to convert the Company to a dog track, or (b) obtains funds sufficient to engage in or engages in any gaming business in addition to or in lieu of its current jai alai and simulcasting Business (provided, however, that if the Company engages in slot machines or table games in direct competition in the Greater Bridgeport area with a casino not owned by the Company, any affiliated entity, or any entity in which A. Robert Zeff is a principal investor, then the conditions of this clause (b) have not occurred), the Executive's salary shall be increased to $200,000, pro rated for the remainder of that year, and for each subsequent year of the term hereof.

The parties do not dispute that the only forms of gambling offered by the Company were first jai alia and then dog racing, and that the requirements of clause (a) were not satisfied because Zeff, the president of the Company, provided the funds necessary to convert the Company to a dog track. The salary increase is therefore available to Weintraub only if dog racing constitutes a "gaming business," within the meaning of clause (b). Interpreting the phrase "gaming business" to include "dog racing," would, however, render clause (a) superfluous and nullify the source-of-funds limitation that it imposes: If the Company obtained funds to convert the Company to a dog track (that is, to construct and operate the track) from a source other than Zeff, then a "Funding" would be deemed to occur under both clauses (a) and (b), and if Zeff contributed the necessary funds, then a "Funding" would be deemed to occur under clause (b), notwithstanding the limitation set forth in clause (a). Connecticut law, which governs construction of the Contract, counsels against imposing such an interpretation, *see United Illuminating Co. v. Wisvest-Connecticut, LLC*, 791 A.2d 546, 552 (Conn. 2002) ("The law of contract interpretation militates against interpreting a contract in a way that renders a provision superfluous."); *Dugan v. Grzybowski*, 332 A.2d 97, 100 (Conn. 1973) ( "[R]ules of construction . . . dictate giving effect

to all the provisions of a contract, construing it as a whole and reconciling its clauses."), and we see no reason for doing so. Accordingly, we find, as did the district court, that the Contract is unambiguous and that the compensation increase is not available to Weintraub.

As to Weintraub's contention that he is owed $700,000 in retirement benefits and $17,500 in continued medical benefits pursuant to Paragraph 14 of the Contract, we agree with the district court's conclusion, though we do not adopt its reasoning, that the Company is not obligated to pay these amounts. Paragraph 14 of the Contract provides in pertinent part:

> At the expiration or termination of this Agreement or any renewal of this Agreement pursuant to Paragraph 1 hereof, provided, however, that the Company obtains *Funding*, in consideration for the number of years of loyal and faithful employment with the Company, the Company shall make the following payments, and provide the following benefits, to Executive . . . .

(emphasis added). A Funding (with a capital "F") is, in turn, defined in Paragraph 3 to occur when the requirements of either clause (a) or clause (b) of that Paragraph are satisfied. Because, as addressed *supra*, the conditions of neither of these clauses have been met, the Company has not "obtain[ed] Funding," as required under Paragraph 14 to trigger Weintraub's entitlement to the benefits set forth therein, *i.e.* to retirement and continued medical benefits. We therefore deny this aspect of Weintraub's claim.

Because we find that Weintraub has no contractual right to increased compensation under Paragraph 3 or to retirement and continued medical benefits under Paragraph 14, Weintraub's arguments that these obligations vested post-petition and should be accorded first priority in bankruptcy as expenses of administration are moot. We therefore do not address these issues. Also, because no money judgment has been awarded, we need not reach the question of whether Weintraub would be entitled to prejudgment interest on any such award.

-4-

Accordingly, for the foregoing reasons, we **AFFIRM** the judgment of the district court to the extent that it reverses the bankruptcy court's finding that Weintraub is owed increased compensation under Paragraph 3 of the Contract and retirement and continued medical benefits under Paragraph 14 of the Contract. We otherwise decline to either affirm or reverse the district court's judgment.

> FOR THE COURT:
> ROSEANN B. MacKECHNIE, CLERK
> By:
> 
> _____